# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **BRIAN K. BRANCH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-16-1108-CG** |
| | ) | |
| **NANCY A. BERRYHILL, Acting** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

Plaintiff Brian K. Branch brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying Plaintiff's application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f.  The parties have consented to the jurisdiction of a United States Magistrate Judge.  Upon review of the administrative record (Doc. No. 11, hereinafter "R.__"),[1] and the arguments and authorities submitted by the parties, the Court reverses the Commissioner's decision and remands the case for further proceedings.

## PROCEDURAL HISTORY

Plaintiff protectively filed his application for SSI on February 3, 2012.  R. 11, 35, 162-71.  Plaintiff ultimately alleged February 3, 2012, to be his disability-onset date.  R.

---

[1] With the exception of the administrative record, references to the parties' filings use the page numbers assigned by the Court's electronic filing system.

11, 35. Following denial of his application initially and on reconsideration, Plaintiff and his attorney attended a hearing before an Administrative Law Judge ("ALJ") on December 4, 2014. *See* R. 32-83. The ALJ issued an unfavorable decision on April 16, 2015, and the SSA Appeals Council denied Plaintiff's request for review, making the ALJ's unfavorable decision the final decision of the Commissioner. R. 1-5, 8-10, 11-25; *see also* 20 C.F.R. § 416.1481. This action for judicial review followed.

ADMINISTRATIVE DECISION

As relevant here, a person is "disabled" within the meaning of the Social Security Act if he or she is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Commissioner uses a five-step sequential evaluation process to determine entitlement to disability benefits. *See Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009); 20 C.F.R. § 416.920.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since February 3, 2012, the alleged onset date. R. 13. At step two, the ALJ determined that Plaintiff had the following severe impairments: "Scheuermann's kyphosis; right hand carpal tunnel syndrome; right ulnar neuropathy, and depressive disorder (schizotypal personality traits)." R. 13. At step three, the ALJ determined that Plaintiff's impairments did not meet or equal any of the presumptively disabling impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. R. 13-15.

The ALJ next assessed Plaintiff's residual functional capacity ("RFC") based on all of his medically determinable impairments. R. 15-23. The ALJ found that Plaintiff has the RFC to perform sedentary work with the following additional limitations:

> [T]he claimant can: frequently lift/carry/push/pull less than 10 pounds and occasionally lift/carry/push/pull 10 pounds. The claimant can sit for 6 hours in an 8-hour workday and stand/walk for 2 hours in an 8-hour workday. The claimant can occasionally climb stairs and ramps, kneel, crouch, crawl, and stoop. The claimant cannot climb ladders, ropes, scaffolds, or balance. The claimant can perform simple tasks with routine supervision. The claimant can have no public contact and cannot perform customer service work. The claimant is able to interact appropriately with supervisors and co-workers on a superficial work basis. The claimant is able to adapt to a work situation.

R. 15; *see* 20 C.F.R. § 416.967(a) (defining "sedentary" work). At step four, the ALJ found that Plaintiff was unable to perform any past relevant work and that transferability of job skills was not a material issue. R. 23.

At step five, the ALJ considered whether there are jobs existing in significant numbers in the national economy that Plaintiff—in view of his age, education, work experience, and RFC—could perform. R. 23-24. Taking into consideration the hearing testimony of a vocational expert ("VE") regarding the degree of erosion to the unskilled sedentary occupational base that is caused by Plaintiff's additional limitations, the ALJ concluded that Plaintiff could perform occupations such as document specialist, surveillance-system monitor, and touch-up screener, all of which offer jobs that exist in significant numbers in the national economy. R. 24. On this basis, the ALJ concluded that Plaintiff had not been under a disability, as defined in the Social Security Act, from February 3, 2012, through the date of the decision. R. 24.

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision is limited to determining whether factual findings are supported by substantial evidence in the record as a whole and whether correct legal standards were applied. *Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (internal quotation marks omitted). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004) (internal quotation marks omitted). The court "meticulously examine[s] the record as a whole," including any evidence "that may undercut or detract from the ALJ's findings," "to determine if the substantiality test has been met." *Wall*, 561 F.3d at 1052 (internal quotation marks omitted). While a reviewing court considers whether the Commissioner followed applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008).

## ISSUES ON APPEAL

On appeal, Plaintiff raises three challenges to the denial of benefits: (1) the ALJ erred by failing to explain a conflict between a medical opinion given great weight and the RFC determination; (2) the RFC fails to account for two of Plaintiff's severe impairments; and (3) the ALJ's step-five findings are not supported by substantial evidence. *See* Pl.'s Br. (Doc. No. 15) at 7, 16-27.

ANALYSIS

The Court first addresses Plaintiff's argument that the ALJ failed to properly evaluate a medical opinion issued by examining psychologist Ginger Welch, PhD. Specifically, Plaintiff contends that it was error for the ALJ to fail to explain her rejection of a portion of Dr. Welch's medical opinion that was inconsistent with the RFC, namely Plaintiff's limited ability to understand, remember, and carry out simple and complex instructions. *See id.* at 16-17, 20-21. Agreeing that remand is warranted based upon the ALJ's failure to properly evaluate Dr. Welch's medical opinion, the Court does not address Plaintiff's other claims of error. *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003).

A. Medical Opinion Evidence

The record reflects the following pertinent medical opinions regarding Plaintiff's mental impairments.

First, the record contains a Mental Residual Functional Capacity Assessment ("MRFCA") and a Psychiatric Review Technique form ("PRT"). R. 386-89 (Ex. 7F), 474-87 (Ex. 19F). The record index lists these documents as submitted "from DDS OKL CY OK" and assigns the MRFCA a date of May 13, 2012, and the PRT a date of May 31, 2012. *Id.* Neither of the actual documents is signed, however. *Id.* The unknown author of the MRFCA states, "Claimant can perform simple tasks with routine supervision." R. 388.

Dr. Welch examined Plaintiff on May 10, 2012, and she completed a report on May 24, 2012, regarding Plaintiff's mental ability to do work-related activity. *See* R. 391-99 (Ex. 8F). Based on her examination, Dr. Welch opined, "From a mental status standpoint

5

this individual's ability to understand, remember and carry out simple and complex

instructions in a work related environment would be rated as questionable." R. 397.[2]

On June 7, 2012, reviewing psychologist Leif Davis, PsyD, stated that upon review

of the evidence in the file, he agreed with the May 2012 PRT and MRFCA. R. 400 (Ex.

9F). This presumably includes agreement with the statement by the unknown author of the

MRFCA that "[c]laimant can perform simple tasks with routine supervision." R. 388.

On October 4, 2012, reviewing psychologist Karen Kendall, PhD, stated that upon

review of the evidence in the file, she agreed with the June 7, 2012 assessment by Dr.

Davis. R. 472 (Ex. 17F). Again, this presumably includes agreement with the opinion that

Plaintiff can perform simple tasks with routine supervision.

B. The ALJ's Evaluation of the Medical Opinions and Assessment of Plaintiff's RFC

The ALJ determined that all of the above-referenced medical opinions—i.e., the

opinions of the unknown author(s) of the PRT and MRFCA, Dr. Welch, Dr. Davis, and Dr.

Kendall—were entitled to "great weight," explaining that the opinions were "consistent

with the overall medical documentation" and the ALJ's own evaluation of the evidence.

---

[2] The ALJ accurately summarized Dr. Welch's report as follows:

Dr. Welch diagnosed the claimant with major depressive disorder, recurrent—
Moderate severity, methamphetamine dependence, in remission—by report,
schizotypal personality traits, rule/out borderline level of intellectual functioning,
and defer to medical, degenerative bone disease—by report. Dr. Welch opined that
the claimant was not competent to manage his own funds. From a mental status
standpoint the claimant's ability to understand, remember and carry out simple and
complex instruction in a work related environment would be rated as questionable
(Exhibit 8F).

R. 19.

R. 22. Although the ALJ noted Dr. Welch's opinion that Plaintiff's ability to understand, remember, and carry out simple instructions was "questionable," the ALJ did not separately address that opinion or exclude it from her assignment of "great weight." R. 19, 22. In her RFC assessment, the ALJ determined that Plaintiff could "perform simple tasks with routine supervision." R. 15.

C. Discussion

Pursuant to Social Security Ruling 96-8p, an ALJ must "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996). If a conflict exists between a medical opinion and the RFC determination, "the adjudicator must explain why the opinion was not adopted." *Id.*

Accordingly, the ALJ's rejection *without explanation* of Dr. Welch's opinion regarding Plaintiff's abilities with respect to simple instructions requires remand. To be sure, the statement at issue—that Plaintiff's "ability to understand, remember and carry out simple and complex instructions in a work related environment would be rated as questionable" (R. 397)—lacks definition (what does "questionable" mean) and specificity as to scope (what difference is there, if any, between Plaintiff's ability to perform simple as opposed to complex instructions). But that statement remains the opinion of an examining psychologist and is inconsistent to at least some meaningful degree with the ALJ's RFC assessment that Plaintiff can "perform simple tasks with routine supervision." R. 15. The Commissioner's rules do not permit the ALJ to ignore such a conflict or ambiguity without explanation. *See* SSR 96-8p, 1996 WL 374184, at *7; *Parker v.*

*Berryhill*, CIV-16-1191-F, 2017 WL 5197030, at *3 (W.D. Okla. Oct. 25, 2017) (R. & R.) (finding the ALJ's rejection without explanation of an examining psychologist's opinion that the plaintiff's "ability to understand, remember and carry out simple and complex instructions in a work related environment would be rated as questionable" warranted remand), *adopted*, 2017 WL 5196617 (W.D. Okla. Nov. 9, 2017); *see also Frantz v. Astrue*, 509 F.3d 1299, 1300-02 (10th Cir. 2007) (finding error where the ALJ disregarded without explanation a clinical nurse specialist's opinion that the claimant's "ability to work [was] highly questionable"); *cf.* 20 C.F.R. § 416.927(c)(1) ("Generally, we give more weight to the medical opinion of a source who has examined you than to the medical opinion of a medical source who has not examined you.").

The error cannot be disregarded as harmless, as the inability to perform simple tasks could preclude Plaintiff from carrying out the unskilled, sedentary occupations testified to by the VE and relied upon by the ALJ at step five. *See* R. 23-24, 66-67; SSR 96-9p, 1996 WL 374185, at *9 (July 2, 1996) (stating that competitive unskilled work generally requires the ability to understand, remember, and carry out simple instructions and make "simple work-related decisions"); *accord* SSR 85-15, 1985 WL 56857, at *4 (Jan. 1, 1985); 20 C.F.R. § 416.968(a) (defining unskilled work as "work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time"). Thus, the ALJ's omission constitutes reversible error and warrants remand.

## CONCLUSION

The decision of the Commissioner is reversed and the case remanded for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g). A separate judgment

8

shall be entered.

IT IS SO ORDERED this 28th day of March, 2018.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE